[No. 4,092.]

## JOSEPH McKEON *v.* THOMAS MILLARD and RECOMPENSE TIFFANY.

Description in Deed.—If a grantor in his deed describes the land conveyed as "bounded on the north by the land of Joseph C. Palmer," it is a sufficient identification of the northern boundary line, even if Palmer did not own the land on the north, provided the grantor had always recognized the land on the north as the land he had sold to Palmer, for the reason that Palmer had been the agent who had purchased it for one Field.

Appeal from the District Court, Third Judicial District, Alameda County.

Ejectment to recover a portion of the rancho "El Agua Caliente," lying in Alameda County, and described in the complaint as bounded "on the south by the Arroyo del

Agua Fria, on the east by the east line of said ranch, on the north by the land of Joseph C. Palmer, (as known in December, 1867,) and on the west by the lands formerly known as the lands of Joseph Colombet and the lands belonging to Emlay & McKeon, before the thirtieth of December, 1867, and containing about one hundred and sixty acres of land.

The Court below found the following facts:

"1. On the 30th day of December, A. D. 1867, Fulgencia Higuerra made and executed to plaintiff and one Emlay his deed of grant, bargain and sale, acknowledged in due form, for certain lands in the said deed, described as follows, viz.: On the south by Arroyo del Agua Fria, on the east by the east line of said rancho, on the north by the land of Joseph C. Palmer, as known in December, 1857, and on the west by the land formerly known as the land of Joseph Colombet, and the lands belonging to Emlay and McKeon before the 30th day of December, 1867, containing about 160 acres of land, and at the time of making and executing such deed, said Higuerra was the owner in fee simple of the Agua Caliente (except portions thereof theretofore sold by him), of which the land described in said deed purported to be a part or portion; and said plaintiff acquired said Emlay's title thereto before this suit was commenced.

"2. Before executing said deed, and while negotiations were pending for said purchase, said Higuerra pointed out to said vendees the parcel of land which he proposed to sell them; and said tract of land is designated on the map marked 'A' and made a part thereof.

"The description contained in said deed, viz.: North by the land of Joseph C. Palmer, is a false designation of the ownership of the land lying north of the tract 'A.' The northern line of the tract 'A' is the boundary of the land of one Edward Field; but Higuerra had sold that land to Joseph C. Palmer, who acted in the purchase of it as agent for Edward Field, and conveyed the land to said Field by deed, dated July 9th, 1860, and recorded the same month and year in book 'O' of records of Alameda County.

Plaintiff, and his co-vendee Emlay, by examining said records could have known that the said land was the boundary of the land of Edward Field and not the land of Joseph C. Palmer; but Higuerra always recognized it as the land which he had sold to Joseph C. Palmer, and at the date of the deed to plaintiff and Emlay, described it to them, and called it as the land he had sold to Joseph C. Palmer.

"It is admitted that Joseph C. Palmer acted as the agent of Edward Field in purchasing said land from Higuerra in 1860, but Field paid for the same entirely, and Palmer never had any interest therein, nor occupied, controlled or leased the same, nor had any of the rents or profits therefrom."

Judgment was rendered in favor of the plaintiff, and the defendant appealed.

*A. M. Crane,* for Appellant.

The Court finds the north call to be false, and being false, it must be rejected. ( *People* v. *Klumpke,* 41 Cal. 263); and being rejected, the judgment cannot be executed because there is no boundary on the north of the land. (Code of Civil Procedure, Section 455; *Riley* v. *Smith,* 9 Allen, 370; *Atwood* v. *Atwood,* 22 Pick. 283; *Miller* v. *Miller,* 16 Pick. 215; *Orton* v. *Noonan,* 18 Wis. 447.)

*W. H. & J. R. Glascock,* for the Respondent.

The intention of the parties, as shown by the circumstances, and by the acts and declarations of the grantor, must control. (*Stanley* v. *Green,* 12 Cal. 165; *Piercy* v. *Crandall,* 34 Cal. 334; *Pico* v. *Coleman, ante,* 65.)

By the Court:

The northern boundary line of the premises in controversy was described in the deed from Higuerra to McKeon as the "land of Joseph C. Palmer, as known in December, 1867." The evidence and finding show that the land lying next north of the tract, had been in fact sold by Higuerra

to one Field, but that Joseph C. Palmer acted as the agent of the latter in effecting the purchase, and that it was always thereafter recognized by Higuerra, the grantor in both deeds, as land which he had sold to Palmer. This was clearly a sufficient identification of the line intended by the parties.

The judgment is affirmed, with twenty-five per cent. damages. Remittitur forthwith.